UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID MILLER, ET AL.                                                                                    PLAINTIFFS

V.                                                                        CIVIL ACTION NO. 5:13-cv-278-DPJ-FKB

SEIGEN 7 DEVELOPMENT, LLC, ET AL.                                                          DEFENDANTS

ORDER

     This cause is before the Court on Plaintiffs' Third Motion for Enlargement of Time [51], Defendant Matthews's Motion to Extend Deadline [64] and the Motion to Extend [66] filed by Defendants Seigen 7 Development, LLC and Tom Guerin.  Having considered the parties' filings, and having heard oral argument, the Court hereby grants all three motions.

     Plaintiffs in this case seek a third extension of time within which to designate their experts, despite having been warned previously by the Court that no further extension would be permitted absent extraordinary circumstances. [40]  Pursuant to the extensions granted, Plaintiffs' expert designation was due July 3, 2014.  Plaintiffs, however, filed their third motion for an extension of time on July 7, 2014, and filed their expert designation on July 13, 2014.

     The Fifth Circuit utilizes a four factor analysis when determining whether an untimely designated expert's report should be excluded:

       (1) the explanation for the failure to identify the witness;
       (2) the importance of the testimony;
       (3) potential prejudice in allowing the testimony; and
       (4) the availability of a continuance to cure such prejudice.

*Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007)(citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).  The Court finds that the four factors weigh in favor of

1

permitting Plaintiffs an extension of time within which to designate experts in this case.

Specifically, though the first factor (explanation for failure to identify the witness) weighs in favor of Defendants,[1] the second and fourth factors (importance of the testimony and availability of a continuance to cure potential prejudice in allowing the testimony) tip the scales in favor of allowing Plaintiffs additional time to designate experts.  With respect to the second factor, experts are crucial to Plaintiffs' claims of faulty construction set out in the complaint. The third factor (potential prejudice in allowing the testimony) does not weigh heavily for either side.  Defendant Matthews's attorney argued at the hearing that the expert report ultimately and untimely provided by Plaintiffs still does not provide any basis for a claim against Matthews. Additionally, all three Defendants filed motions for extension of time to designate experts, which the Court grants.

The fourth factor saves Plaintiffs from having their untimely expert designation stricken. Defendant Matthews answered the complaint on July 1, 2014, just two days before Plaintiffs' expert designation was due under the second Order [40] extending Plaintiffs' deadline. As the *Betzel* Court reiterated, a continuance is the preferred remedy for an untimely expert designation. *Betzel*, 480 F.3d at 708.  With the addition of Defendant Matthews, the trial date and deadlines in this case would likely have been re-set, even if Plaintiffs had timely filed their designation.

Accordingly, the motions for extensions of time to designate experts [51, 64, 66] are granted for all parties.

The deadlines in this matter are re-set as follows:

---

[1] Plaintiffs assert that their failure to file the designation by the July 3, 2014 deadline was due to counsel having calendared the due date as July 13, 2014, instead of July 3, 2014.

Plaintiffs' expert deadline-November 7, 2014;

Defendants' expert deadline-December 8, 2014;

Settlement conference-January 22, 2015 at 1:30 p.m.;

Discovery deadline-February 6, 2015;

Motion deadline-February 20, 2015;

Pretrial conference-June 12, 2015; and

Trial-Two week term beginning July 20, 2015.

SO ORDERED, this the 15th day of August, 2014.

/s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE