UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID and LINDA MILLER                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 5:13cv278-DPJ-FKB

SEIGEN 7 DEVELOPMENT, LLC, and                                           DEFENDANTS
TOM GUERIN

ORDER

This breach-of-contract case is before the Court on Defendants' Motion for Partial

Summary Judgment [27].  Defendants contend that Plaintiffs' failure to respond to properly-

served requests for admissions entitles them to judgment as a matter of law on their

counterclaims.  Because it is unclear whether Defendants properly served the requests for

admissions, the motion is denied.

I.       Facts and Procedural History

Plaintiffs David and Linda Miller contracted with Defendant Seigen 7 Development,

LLC, to construct a home for the Millers on property they owned in Chatawa, Mississippi.  At

some point before construction was completed, the Millers asked Seigen 7 to cease working on

the house.  The Millers filed this breach-of-contract case against Seigen 7 and its owner, Tom

Guerin, in the Circuit Court of Pike County, Mississippi.  Defendants removed the case to this

Court and ultimately filed breach-of-contract and negligence counterclaims against the Millers.

Am. Answer & Countercl. [17].

On January 23, 2014, counsel for Seigen 7 filed a Notice of Service of Interrogatories

[14] and a Notice of Service of Request for Production [15], and on January 30, 2014, Seigen 7

filed a Notice of Service of Request for Admissions [16].  Defendants did not mail hard copies of

the discovery requests to Plaintiffs' counsel; instead, Defendants' lawyers' assistant emailed the

discovery requests to Plaintiffs' counsel.  The Millers did not respond to the requests for

admissions, and Defendants filed their Motion for Partial Summary Judgment on April 17, 2014.

The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.      Analysis

Defendants' motion is based entirely on requests for admission they claim they served on

the Millers.  Federal Rule of Civil Procedure 36 permits a party to "serve on any other party a

written request to admit, for purposes of the pending action only, the truth of any matters within

the scope of Rule 26(b)(1) . . . ."  Fed. R. Civ. P. 36(a)(1).  Under the Rule, "[a] matter is

admitted unless, within 30 days after being served, the party to whom the request is directed

serves on the requesting party a written answer or objection addressed to the matter and signed

by the party or its attorney."  *Id.* R. 36(a)(3).  The question is whether Defendants "served" the

requests when they emailed them to the Millers' attorney.

Rule 5 governs service.  It provides that service shall be made on a party represented by

counsel by serving the party's attorney.  *Id.* R. 5(b)(1).  As for the appropriate means of service,

the rule states that service may be made by "sending [a document] by electronic means if the

person [upon whom service is being made] consented in writing—in which event service is

complete upon transmission . . . ."  *Id.* R. 5(b)(2)(E).

Defendants assert that the Millers' attorneys consented in writing to accept service of

discovery requests by email when they registered for the Court's Electronic Case Filing ("ECF")

system.  Pursuant to Federal Rule of Civil Procedure 5(d)(3) and Local Rule 5(c), the Court has

adopted Administrative Procedures for ECF filing.  In order to register to file electronically, an

attorney must complete, sign, and submit a registration form.  The registration form provides that

"[a]n attorney's registration will constitute a waiver of conventional service of documents.  The

attorney agrees to accept service of notice on behalf of the electronic filing by hand, facsimile or

authorized e-mail."  Administrative Procedures for Electronic Case Filing, Form 1 (Aug. 2014),

*available at* www.mssd.uscourts.gov/sites/mssd/files/administrative_procedures.pdf.  Defendants

are correct that the Millers' attorneys would have signed this registration form in order to

participate in the Court's ECF system.  And the first sentence of the form would support this

argument.  But the second sentence leaves doubt whether the registration amounts to consent to

service of discovery documents—which are not filed in the ECF system—by electronic means.

Reading the ECF registration form in the context of the Administrative Procedures

suggests that the consent may apply only to documents that are electronically filed.  Specifically,

Section 4 of the Administrative Procedures, entitled Electronic Service of Documents, discusses

"Service of *Filed* Documents on Parties" (emphasis added).  That section explains:

> The system will generate a "Notice of Electronic Filing" when any document is
> filed.  This notice represents service of the document on parties who are registered
> participants with the system. . . .  [T]he filing party will not be required to serve
> any pleading or other documents on any party receiving electronic notice.

Administrative Procedures for Electronic Case Filing, Section 4(A)(1) (Aug. 2014), *available at*

www.mssd.uscourts.gov/sites/mssd/files/administrative_procedures.pdf.  The section specifies

that a summons and complaint may not be electronically served but does not deal separately with

service of discovery documents.

It is simply not clear whether the procedures contemplate electronic service of discovery

documents—which are not filed—and therefore whether the registration form constitutes consent

to such service.  It seems that service of discovery via electronic means is now commonplace, and parties would be wise to resolve any ambiguity when they receive a notice of filing.  But given the ambiguity in the rules, dismissal is too draconian.

Finally, it is not plain to the Court that, even if the admissions stood, Defendants would be entitled to summary judgment on their counterclaims.  The limited briefing on the motion does not address any potential defenses to the counterclaims.  Both the Millers and Defendants assert that the other party breached the contract first, and the admissions do not seem to address that point.  Regardless, the record is too thin to grant Defendants' motion, which is denied.

III.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [27] is denied.  Plaintiffs are hereby directed to respond to the outstanding discovery requests, if any, within 14 days of the entry of this order.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE